Rev 2/11

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
### CIVIL APPEAL STATEMENT

*Please TYPE.  Attach additional pages if necessary.*

11th Circuit Docket Number: _____ **15-12704-A**

| Caption: | | District and Division: Northern District of AL Southern Div. |
|---|---|---|

Caption:

Karen Savage, Plaintiff-Appellant,

v.

Secure First Credit Union, Defendant-Appellee.

District and Division: Northern District of AL Southern Div.
Name of Judge: Honorable William M. Acker, Jr.
Nature of Suit: See attachment

Date Complaint Filed: December 24, 2014
District Court Docket Number: 2:14-cv-02468-WMA

Date Notice of Appeal Filed: June 11, 2015
☐ Cross Appeal    ☐ Class Action

Has this matter previously been before this court?
☐ Yes  ☒ No
If Yes, provide
(a)     Caption:
(b)     Citation:
(c)     Docket Number:

| | Attorney Name | Mailing Address | Telephone, Fax, and Email |
|---|---|---|---|
| For Appellant:<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Cynthia Forman Wilkinson | Wilkinson Law Firm, PC.,<br>215 N. Richard Arrington, Jr.<br>Blvd., Suite 200, Birmingham,<br>AL 35203 | Telephone:  (205) 250-7866<br>Fax:  (205) 250-7869<br>Email:<br>wilkinsonefile@wilkinsonfirm.<br>net |
| For Appellee:<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | Susan W. Bullock<br><br>Patricia G. Griffith | Ford Harrison, LLP<br>2100 Southbridge Parkway,<br>Suite 650, Birmingham, AL<br>35209; Ford Harrison, LLP,<br>271 17th Street, N.W.,<br>Atlanta, GA 30363 | Tel: (205) 244-5904, Fax:<br>(404) 888-3863, Email:<br>sbullock@fordharrison.com;<br>Tel: (404) 888-3831, Fax:<br>(404) 888-3863, Email:<br>pgriffith@fordharrison.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☒ Federal Question | ☒ Final Judgment,<br>28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff:<br>$____Determined by Jury____ |
| ☐ Diversity | ☐ Interlocutory Order,<br>28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant:<br>$_____ |
| ☐ US Plaintiff | ☐ Interlocutory Order Certified,<br>28 USC 1292(b) | ☐ Summary Judgment | Awarded:<br>$_____ |
| ☐ US Defendant | ☐ Interlocutory Order,<br>Qualified Immunity | ☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV | to_____ |
| | ☐ Final Agency Action (Review) | ☐ Injunction | Injunctions:<br>☐ TRO<br>☐ Preliminary   ☐ Granted<br>☐ Permanent    ☐ Denied |
| | ☐ 54(b) | ☒ Other ___Motion to Dismiss___ | |

Page 2                                    11th Circuit Docket Number: __15-12704-A__

Based on your present knowledge:

(1)  Does this appeal involve a question of First Impression?   ☐ Yes   ☒ No
     What is the issue you claim is one of First Impression?

(2)  Will the determination of this appeal turn on the interpretation or application of a particular case or statute?   ☒ Yes   ☐ No
     If Yes, provide
     (a)  Case Name/Statute        See Attachment
     (b)  Citation
     (c)  Docket Number if unreported

(3)  Is there any case now pending or about to be brought before this court or any other court or administrative agency that
     (a)  Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☒ No
     (b)  Involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☐ Yes   ☒ No

     If Yes, provide
     (a)  Case Name
     (b)  Citation
     (c)  Docket Number if unreported
     (d)  Court or Agency

(4)  Will this appeal involve a conflict of law
     (a)  Within the Eleventh Circuit?   ☐ Yes   ☒ No
     (b)  Among circuits?   ☐ Yes   ☒ No

     If Yes, explain briefly:

(5)  Issues proposed to be raised on appeal, including jurisdictional challenges:

     1. Whether the District Court erred to reversal in granting the Defendant's Motion to Dismiss Counts
     Two , Three and Four of Plaintiff's claims.
     2. Whether the district court erred to reversal in dismissing Plaintiff's claims based on its interpretation of
     "but-for" causation under the ADEA and determining that Plaintiff could not pursue alternative theories of
     recovery.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS ___7th___ DAY OF _____July_____, __2015__

__Cynthia Forman Wilkinson__                    _____
NAME OF COUNSEL (Print)                              SIGNATURE OF COUNSEL

*Please ATTACH portion of district court, tax court, or agency record described in 11th Cir. R. 33-1(b):  (a) judgments and orders appealed
from or sought to be reviewed; (b) any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board,
commission, or officer; (c) any report and recommendation adopted by an order; (d) findings and conclusions of an administrative law judge
when appealing a court order reviewing an agency determination; (e) any agency docket sheet or record index.*

# Civil Appeal Statement
# Attachment
# 11th Circuit Docket Number: 15-12704-A

**Nature of Suit:** Title VII, 1981, Age Discrimination in Employment Act, Americans with Disabilities Act, and Americans with Disabilities Act Amendments Act.

**Based on your present knowledge:**

**(2)**

**If Yes, provide**
**(a) Case Name/Statute:** Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, Age Discrimination in Employment Act, Americans with Disabilities Act, and the Americans with Disabilities Act Amendments Act.

APPEAL

# U.S. District Court
## Northern District of Alabama (Southern)
### CIVIL DOCKET FOR CASE #: 2:14–cv–02468–WMA

Savage v. Secure First Credit Union
Assigned to: Judge William M Acker, Jr
Case in other court:   USCA, 11th Circuit, 15–12704–A
Cause: 42:1981 Job Discrimination (Race)

Date Filed: 12/24/2014
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Karen Savage**

represented by **Cynthia F Wilkinson**
WILKINSON LAW FIRM PC
215 North Richard Arrington Jr. Boulevard
Suite 200
Birmingham, AL 35203
205–250–7866
Fax: 205–250–7869
Email: wilkinsonefile@wilkinsonfirm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Secure First Credit Union**

represented by **Susan W Bullock**
FORD HARRISON LLP
2100 Southbridge Parkway
Suite 650
Birmingham, AL 35209
205–903–1610
Email: sbullock@fordharrison.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/24/2014 | 1 | COMPLAINT against Secure First Credit Union, filed by Karen Savage.(SAC ) (Entered: 12/24/2014) |
| 12/24/2014 | 2 | Request for service by certified mail, filed by Karen Savage. (SAC ) (Entered: 12/24/2014) |
| 12/24/2014 | 3 | NOTICE regarding consent of a civil action to a magistrate judge. (SAC ) (Entered: 12/24/2014) |
| 12/29/2014 | | Filing Fee: Filing fee $ 400, ALND receipt#: B4601058535/ receipt_number 1126–2310773. related document 1 COMPLAINT against Secure First Credit Union, filed by Karen Savage.(SAC ). (Wilkinson, Cynthia) Modified on 12/30/2014 (SAC, ). (Entered: 12/29/2014) |
| 01/05/2015 | 4 | Summons Issued as to Secure First Credit Union; sent to Defendant via certified mail. (SAC ) (Entered: 01/05/2015) |
| 01/09/2015 | 5 | SUMMONS Returned Executed Secure First Credit Union served on 1/8/2015. (SAC ) (Entered: 01/12/2015) |
| 01/27/2015 | 6 | MOTION for Extension of Time to File Answer re 1 Complaint *Unopposed* by Secure First Credit Union. (Bullock, Susan) (Entered: 01/27/2015) |
| 01/28/2015 | 7 | TEXT ORDER granting and ordering accordingly 6 Motion for Extension of Time to Answer. Secure First Credit Union answer due 2/9/2015. Signed by Judge William M Acker, Jr on 01/28/2015. (SKR) (Entered: 01/28/2015) |

| 02/09/2015 | 8 | *Defendant's* ANSWER to 1 Complaint by Secure First Credit Union.(Bullock, Susan) (Entered: 02/09/2015) |
|---|---|---|
| 02/10/2015 | 9 | ORDER Status and Scheduling Conference set for February 19, 2015 at 10:30 AM in Hugo L Black US Courthouse, Birmingham, AL, in chambers of the undersigned. Signed by Judge William M Acker, Jr on 2/10/15. (SAC ) (Entered: 02/10/2015) |
| 02/18/2015 | 10 | Corporate Disclosure Statement by Secure First Credit Union. filed by Secure First Credit Union (Bullock, Susan) (Entered: 02/18/2015) |
| 02/19/2015 | | Minute Entry for proceedings held before Judge William M Acker, Jr: Scheduling Conference held on 2/19/2015. Order by the court to follow. (Court Reporter Cheryl Powell) (SAC ) (Entered: 02/19/2015) |
| 02/19/2015 | 11 | ORDER In order to memorialize the instructions given by the court to the parties at this morning's status and scheduling conference, it is ORDERED as set out within. Signed by Judge William M Acker, Jr on 2/19/15. (SAC ) (Entered: 02/19/2015) |
| 03/16/2015 | | Set Deadlines: Rule 26 Meeting Report due by 4/10/2015. (SAC ) (Entered: 03/16/2015) |
| 03/20/2015 | 12 | MOTION to Dismiss *Plaintiff's Partial Motion to Dismiss* by Karen Savage. (Wilkinson, Cynthia) (Entered: 03/20/2015) |
| 03/23/2015 | 13 | Brief re 8 Answer to Complaint *Brief in Support of Motion to Dismiss Counts Two, Three and Four of Plaintiff's Complaint*. (Bullock, Susan) (Entered: 03/23/2015) |
| 03/23/2015 | | MOTION to Dismiss Counts Two, Three and Four of Plaintiff's Complaint embedded within Documents 8 Answer and 13 Brief, by Secure First Credit Union. (SAC ) (Entered: 03/24/2015) |
| 03/24/2015 | 14 | ORDER granting 12 Plaintiff's Partial Motion to Dismiss: Count Five of her complaint (the FMLA claim)(Doc. 1 at 14–15) is DISMISSED WITH PREJUDICE. Signed by Judge William M Acker, Jr on 3/24/15. (SAC ) (Entered: 03/24/2015) |
| 03/24/2015 | 15 | ORDER If plaintiff desires to respond to the motion to dismiss and the brief filed in support on March 20, 2015 (Doc. 13), she shall do so on or before 4:30 P.M., April 1, 2015. Signed by Judge William M Acker, Jr on 3/24/14. (SAC ) (Entered: 03/24/2015) |
| 04/01/2015 | 16 | RESPONSE in Opposition re MOTION to Dismiss filed by Karen Savage. (Wilkinson, Cynthia) (Entered: 04/01/2015) |
| 04/10/2015 | 17 | REPORT of Rule 26(f) Planning Meeting. (Bullock, Susan) (Entered: 04/10/2015) |
| 05/08/2015 | 18 | MEMORANDUM OPINION Signed by Judge William M Acker, Jr on 5/8/15. (SAC ) (Entered: 05/08/2015) |
| 05/08/2015 | 19 | ORDER For the reasons stated in the accompanying memorandum opinion, defendant's motion to dismiss (Doc. 14) filed on March 24, 2015 will be granted unless by May 15, 2015 plaintiff amends her complaint to eliminate her pleading insufficiencies described in this opinion. Signed by Judge William M Acker, Jr on 5/8/15. (SAC ) (Entered: 05/08/2015) |
| 05/14/2015 | 20 | MOTION for Leave to Appeal *Plaintiff's Motion for Entry of an Appealable Order Regarding the Court's Memorandum Opinion and Order Entered on May 8, 2015, Doc 18 and 19, and to Stay the Case Pending Appeal* by Karen Savage. (Wilkinson, Cynthia) (Entered: 05/14/2015) |
| 05/15/2015 | 21 | MOTION for Extension of Time *Unopposed Motion for Extension of Deadlines* by Karen Savage. (Wilkinson, Cynthia) (Entered: 05/15/2015) |
| 05/15/2015 | 22 | ORDER Defendant's motion for partial summary judgment is GRANTED, and the this action insofar as contained in Counts Two, Three, and Four is DISMISSED WITH PREJUDICE. Pursuant to Federal Rule of Civil Procedure 54(b), the court determines that there is no just reason to delay the entry of final judgment as to the said dismissal of Counts Two, Three, and Four and therefore DIRECTS the clerk to enter final judgment as to the dismissal of Counts Two, Three, and Four. Signed by |

| | | Judge William M Acker, Jr on 5/15/15. (SAC ) (Entered: 05/15/2015) |
|---|---|---|
| 05/16/2015 | 23 | ORDER re 20 Motion for Leave to Appeal and 21 Motion for Extension of Time: For reasons noted within, the motions are DENIED but without prejudice to Savage's right to take a direct appeal from the final judgment entered byseparate order with a finding pursuant to Federal Rule of Civil Procedure 54(b). Signed by Judge William M Acker, Jr on 5/15/15. (SAC ) (Entered: 05/16/2015) |
| 05/18/2015 | 24 | Corporate Disclosure Statement by Secure First Credit Union. filed by Secure First Credit Union (Bullock, Susan) (Entered: 05/18/2015) |
| 06/11/2015 | 25 | NOTICE OF APPEAL as to 22 Order,, by Karen Savage. Filing fee $ 505, receipt number 1126–2414772/ NDAL receipt#: B4601062989. (Wilkinson, Cynthia) Modified on 6/17/2015 (SAC, ). (Entered: 06/11/2015) |
| 06/17/2015 | 26 | Transmittal Letter (SAC ) (Entered: 06/17/2015) |
| 06/17/2015 | 27 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 25 Notice of Appeal. (SAC ) (Entered: 06/17/2015) |
| 06/23/2015 | 28 | USCA Case Number 15–12704–A for 25 Notice of Appeal filed by Karen Savage. (SAC ) (Entered: 06/24/2015) |
| 06/25/2015 | 29 | TRANSCRIPT REQUEST by Karen Savage (Wilkinson, Cynthia) (Entered: 06/25/2015) |

Case 2:14-cv-02468-WMA   Document 18   Filed 05/08/15   Page 1 of 11

FILED
2015 May-08  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

Case: 15-12704    Date Filed: 07/07/2015    Page: 7 of 21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN SAVAGE,                          )
                                       )
        Plaintiff,                     )
                                       )      CIVIL ACTION NO.
v.                                     )      2:14-CV-2468-WMA
                                       )
SECURE FIRST CREDIT UNION,             )
                                       )
        Defendant.                     )

**MEMORANDUM OPINION**

The complaint (Doc. 1) filed by plaintiff, Karen Savage ("Savage"), against her former employer, defendant Secure First Credit Union ("Secure First") contains five counts. Count One alleges racial discrimination under Title VII and 42 U.S.C. § 1981. (Doc. 1 at 6-7). Count Two charges retaliation under Title VII and § 1981. (Doc. 1 at 9-10). Count Three claims discrimination under the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 at 11-12). Count Four alleges discrimination under the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"). (Doc. 1 at 12-13). Count Five alleged a violation of the Family Medical Leave Act ("FMLA") (Doc. 1 at 14-15), but on March 24, 2015, upon Savage's motion, the court dismissed Count Five with prejudice (Doc. 14), leaving Counts One, Two, Three, and Four.

Now before the court is Secure First's motion to dismiss Counts Two, Three, and Four. (Doc. 13). Secure First does not seek dismissal of Count One, which states a plain vanilla claim of race

1

discrimination and therefore only requires that race be a "motivating factor." Secure First argues that Savage cannot proceed on her ADEA claim, her retaliation claim, or her ADA claim without alleging that one of the said claims is the "but-for" cause of the adverse employment action she complains of.

As it has pondered the concept of causation, "the law has long considered [it] a hybrid concept, consisting of two constituent parts: actual cause and legal cause." *Burrage v. United States*, 134 S. Ct. 881, 887 (2014) (citing H. Hart & A. Honore, CAUSATION IN THE LAW 104 (1959)). To arrive at the actual cause, the "'but-for' requirement is part of the common understanding." *Burrage*, 134 S. Ct. at 888. This consistent and common understanding of "but-for" causation "requires proof that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." *Burrage,* 134 S. Ct. at 887-888 (quoting *Univ. Of Texas Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517, 2525 (2013), and RESTATEMENT OF TORTS § 431, Comment *a* (1934)). To illustrate:

> Consider a baseball game in which the visiting team's leadoff batter hits a home run in the top of the first inning. If the visiting team goes on to win by a score of 1 to 0, every person competent in the English language and familiar with the American pastime would agree that the victory resulted from the home run. This is so because it is natural to say that one event is the outcome or consequence of another when the former would not have occurred but for the latter. It is beside the point that the victory also resulted from a host of other necessary causes, such as skillful pitching, the coach's decision to put the leadoff batter in the lineup, and the league's decision to schedule the game. By contrast, it makes little sense to say that an event resulted from or was the outcome of some earlier action if the action merely played a

nonessential contributing role in producing the event. If the
visiting team wound up winning 5 to 2 rather than 1 to 0, one
would be surprised to read in the sports page that the victory
resulted from the leadoff batter's early, non-dispositive home
run.

*Burrage*, 134 S. Ct. at 888.[1]

Consistent interpretation "is one of the traditional
background principles against which Congress legislates." *Burrage*,
134 S. Ct. at 881. Therefore, "[w]here there is no textual or
contextual indication to the contrary, courts regularly read
phrases like 'results from'[,] ['because of', and 'because'] to
require but-for causality." *Id.* at 888. Specifically,
"interpretation of statutes that prohibit adverse employment action
'because of' an employee's age or complaints about unlawful
workplace discrimination is instructive." *Id.* In particular, the
ADEA prohibits employers from discriminating **"because of** such
individual's age," 29 U.S.C. § 623; Title VII prohibits employers
from retaliating **"because** [an employee] has made a charge . . .
under this subchapter," 42 U.S.C. § 2000e-3(a); and the ADA
prohibits employers from discriminating "against a qualified
individual with a disability **because of** the disability," 42 U.S.C.
§ 12112(a) (emphasis added). Consistent interpretation of the
virtually identical causation language in these discrimination

---

[1] The Supreme Court's reasoning rejects the approach used by
some courts interpreting "but-for" causation to merely be a
necessary cause. See e.g., *Freeman v. Koch Foods of Alabama*, 2010
WL 9461668, at *2 (M.D. Ala. June 15, 2010) (Fuller, J.).

statutes ensures that the proscribed discriminatory act is the "strict but-for" cause[2] of a plaintiff's injury. *Burrage,* 134 S. Ct. at 890. The *Burrage* interpretation of "but-for" causation balances the need to provide a cognizable remedy for discrimination while ensuring that "[federal courts] do not sit as a super-personnel department . . . to second-guess the wisdom of an employer's business decisions . . . [n]o matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers." *Alvarez v. Royal Atl. Developers, Inc.,* 610 F.3d 1253, 1266 (11th Cir. 2010) (Title VII retaliation); *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991) (ADEA) and *Turner v. United Parcel Serv.,* 2014 WL 4458917, at *7 (N.D. Ala. Sept. 10, 2014) (ADA).

## I.    ADEA

As stated above, under the ADEA "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009). Adopting the "but-for" cause requirement, instead of the "mixed motive"

---

[2] The Supreme Court has pointed to its interpretation of "but-for" causation in the employment discrimination context for guidance in other areas of law, including the criminal context. *Burrage,* 134 S. Ct. at 890. When interpreting a penalty enhancement under the Controlled Substances Act, the Supreme Court rejected the Government's permissive interpretation where "use of a drug distributed by the defendant need not be a but-for cause of death, nor even independently sufficient to cause death, so long as it contributes to an aggregate force (such as mixed-drug intoxication)." *Id.* at 890-91.

possibility, squares with "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age[, which] is that age was the 'reason' that the employer decided to act." *Gross*, 557 U.S. at 176. "Because an ADEA plaintiff must establish 'but for' causality, no 'same decision' affirmative defense can exist: the employer either acted 'because of' the plaintiff's age or it did not." *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). "The only logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was any other proscribed motive involved." *Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009). Therefore, "a plaintiff must make it perfectly clear in her pleading that there are no proscribed motivations other than [the one alleged]." *Montgomery v. Bd. of Trustees of the Univ. of Alabama*, 2015 WL 1893471, at *5 (N.D. Ala. Apr. 27, 2015).

Savage fails to allege that her age was the "but-for" cause of her mistreatment, and instead simply alleges that Secure First subjected her to "adverse treatment with respect to the terms and conditions of her employment, including . . . demotion and constructive discharge, because of her age." (Doc. 1 at 11-12). Despite recieving strong hints from the court, Savage includes three "other bas[e]s for the adverse action." *Gwin v. BFI Waste Servs., LLC*, 718 F. Supp. 2d 1326, 1327 (N.D. Ala. 2010). She

5

alleges in Count One that Secure First took its action with the fact that plaintiff is over 40 years of age as a "substantial or motivating factor"(Doc. 1 at 7); in Count Two she alleges that she "engag[ed] in a protected activity" against which Secure First retaliated in violation of Title VII (Doc. 1 at 9); and in Count Four she alleges that "her disability" was a cause of her mistreatment(Doc. 1 at 11). By failing to allege that her age provided the only motive for the complained of employment action, Savage fails to state a claim under the ADEA upon which relief can be granted, thereby requiring dismissal.

## II. Title VII Retaliation

Borrowing logically from the analysis in *Gross* of the ADEA's "because of" language, "[t]he text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Nassar*, 133 S. Ct. at 2534.[3] Unlike Title VII's proscription against race discrimination, which requires showing "only that a prohibited factor contributed to the employment decision—not that it was the but-for or sole cause," a claim of retaliation under

---

[3] While Savage tries to make something out of the use of the article "a" instead of the article "the" (Doc. 16 at 8), the Supreme Court used these articles interchangeably and drew no distinction between them. See e.g., *Nassar*, 133 S. Ct. at 2528 ("Title VII retaliation claims require proof that the desire to retaliate was **the** but-for cause of the challenged employment action")(emphasis added).

Title VII "must be proved according to traditional principles of but-for causation . . . [thereby] requir[ing] proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533, 2538; see *Burrage*, 134 S. Ct. at 892. If a plaintiff wants to pursue a retaliation claim she must in her complaint "indicate that retaliation was the 'only,' or 'but-for' motive for her termination [and] must make it perfectly clear in her pleading that there are no proscribed motivations other than an intent to retaliate." *Montgomery,* at *5. In other words, there can, in theory and in logic, be only one "but-for" cause. The days of bushel-basket, mixed motivation are over if a plaintiff wants to claim retaliation or age or disability discrimination.

In order to state a claim for retaliation after *Nassar* Savage must unequivocally allege that retaliation was the "but-for" cause of the adverse treatment. While failing to allege retaliation as the "but-for" causation, Savage expressly claims other motivations. Counts One, Two, Three, and Four flatly contradict any "but-for" cause for her adverse treatment. (Doc. 1 at 12-13). By failing to allege retaliation as the sole cause for her adverse treatment, Savage fails to state a claim under the retaliation provision of Title VII, thereby requiring dismissal.

## III. ADA

Before the *Gross* and *Nassar* decisions, the Eleventh Circuit

7

held that "the 'because of' component of the ADA liability standard imposes no more restrictive standard than the ordinary, everyday meaning of the words would be understood to imply . . . convey[ing] the idea of a factor that made a difference in the outcome . . . a 'but-for' liability standard." *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996). While recognizing that the ADA's statutory text requires "but-for" causation, the Court in *McNely* found that "but-for" causation was "*not* to mean 'solely because of' . . . [but rather] liability whenever the prohibited motivation makes the difference in the employer's decision." *Id.* at 1076. However, in light of the Supreme Court's *Gross*, *Nassar*, and *Burrage* decisions rejecting the mixed-motive possibilities, under statutes that employ virtually the same language, "reliance on *McNely* for this point is of dubious merit." *July v. Bd. of Water & Sewer Comm'rs of City of Mobile* 2012 WL 5966637, at *12 (S.D. Ala. Nov. 29, 2012) (Steele, J.); *Parsons v. First Quality Retail Servs.*, LLC, 2012 WL 174829, at *8 (M.D. Ga. Jan. 20, 2012) (Royal, J.) ("whether a mixed motive theory is cognizable under the ADA is still an open question in this circuit . . . [and] [w]hile the Eleventh Circuit has not addressed the issue, several circuits have expanded the reasoning of *Gross* to the ADA because it contains very similar language"). When in 2012 Judge Royal of the Middle District of Georgia said that the question is open in the Eleventh Circuit, he did not have available to him what the Supreme Court said 2

8

years later in *Burrage*, which eliminated any lingering doubt about whether the reasoning in *Gross* and *Nassar* applies to the ADA. The props under *McNely* have been removed, so that the Eleventh Circuit cannot rely on *McNely*. The governing jurisprudential principle is expressed as recently as April 30, 2015 by Chief Judge Carnes in *Santiago-Lugo v. Warden*, -- F.3d --, 2015 WL 1936707, at \*3 (11th Cir. Apr. 30, 2015), in which the Eleventh Circuit recognizes that a prior precedent is only binding **"unless and until it is overruled or undermined to the point of abrogation by the Supreme Court . . ."** (quoting *United States v. Lopez*, 562 F.3d 1309, 1312 (11th Cir. 2009). Like the ADEA in *Gross*, "the ADA renders employers liable for employment decisions made 'because of' a person's disability, and *Gross* construes 'because of' to require a showing of but-for causation. . . [therefore] a plaintiff complaining of discriminatory discharge under the ADA must show that his or her employer would not have fired him **but for** his actual or perceived disability." *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 962 (7th Cir. 2010) (emphasis added); see also *Bolmer v. Oliveira*, 594 F.3d 134 (2d Cir.2010).

Given the ADA's "but-for" requirement, mirroring *Gross* and *Nassar*, in order to state a claim of disability discrimination Savage must specifically allege that her disability was the "but-for" cause of her adverse treatment. Not only does Savage fail to allege "but-for" causation, but affirmatively alleges that Secure

9

First mistreated her for other proscribed reasons. Savage has not stated an ADA claim upon which relief can be granted, thereby requiring dismissal.

## CONCLUSION

While Savage argues she is permitted to plead alternative and inconsistent theories of recovery (Doc. 16 at 9), there is a recognized distinction between the pleading of alternative theories of liability and irreconcilable contradictions and concessions as to an essential element of a particular claim. See *Selby v. Goodman Mfg. Co., LP*, 2014 WL 2740317, at *6 (N.D. Ala. June 17, 2014) (Proctor, J.) and *Selman v. CitiMortgage, Inc.*, 2013 WL 838193, at *13 n.19 (S.D. Ala. Mar. 5, 2013) (Steele, J.) (both cases distinguishing between pleading in the alternative and conceding the existence of a contract while simultaneously and inconsistently making an unjust enrichment claim).

For the reasons elaborated, Secure First's motion will be granted unless by May 15, 2015 Savage amends her complaint to eliminate all claims except her ADEA claim, **or** to eliminate all claims except her ADA claim, **or** to eliminate all claims except her retaliation claim, **and** to allege that "but-for" her age, **or** "but-for" her disability, **or** "but-for" defendant's retaliatory motive, there would have been no adverse employment action. In other words, unless Savage chooses to pursue only one of the claims contained in Counts Two, Three, and Four, as the "but-for" cause and dismisses

10

Count One, defendant's motion will be granted and Savage will be allowed to proceed only under Count One.

The court will by separate order conditionally grant defendant's partial motion to dismiss Counts Two, Three, and Four. Defendant's request for attorney's fees will be ruled upon after plaintiff makes her election.

DONE this 8th day of May, 2015.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

FILED

2015 May-08  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN SAVAGE,                      )
                                   )
        Plaintiff,                 )
                                   )    CIVIL ACTION NO.
v.                                 )    2:14-cv-2468-WMA
                                   )
SECURE FIRST CREDIT UNION,         )
                                   )
        Defendant.                 )
                                   )
                                   )

**ORDER**

For the reasons stated in the accompanying memorandum opinion, defendant's motion to dismiss (Doc. 14) filed on March 24, 2015 will be granted unless by May 15, 2015 plaintiff amends her complaint to eliminate her pleading insufficiencies described in this opinion.

DONE this 8th day of May, 2015.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

FILED

2015 May-15  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN SAVAGE,                    )
                                 )
        Plaintiff,               )
                                 )        CIVIL ACTION NO.
v.                               )        2:14-cv-2468-WMA
                                 )
SECURE FIRST CREDIT UNION,       )
                                 )
        Defendant.               )
                                 )

**ORDER**

In accordance with the memorandum opinion and order of May 8, 2015, the court finds that there are no disputes of material fact respecting the issues raised in defendant's motion for partial summary judgment and that defendant is entitled to judgment as a matter of law on those issues. Therefore, defendant's motion for partial summary judgment is **GRANTED**, and the above entitled action insofar as contained in Counts Two, Three, and Four is **DISMISSED WITH PREJUDICE.** Pursuant to Federal Rule of Civil Procedure 54(b), the court determines that there is no just reason to delay the entry of final judgment as to the said dismissal of Counts Two, Three, and Four and therefore **DIRECTS** the clerk to enter final judgment as to the dismissal of Counts Two, Three, and Four. If plaintiff takes an appeal from this order, the case as contained in the remaining Count One will be stayed pending the appeal.

DONE this 15th day of May, 2015.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

Case 2:14-cv-02468-WMA   Document 23   Filed 05/16/15   Page 1 of 1

Case: 15-12704    Date Filed: 07/07/2015    Page: 21 of 21

FILED

2015 May-16  AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN SAVAGE,                     }
                                  }
        Plaintiff,                }
                                  }      CIVIL ACTION NO.
v.                                }      2:14-cv-2468-WMA
                                  }
SECURE FIRST CREDIT UNION,        }
                                  }
        Defendant.                }

## ORDER

Instead of complying with the order of May 8, 2015 and the instructions contained in the memorandum opinion that accompanied it, plaintiff, Karen Savage, has filed motions for the entry of an order pursuant to 28 U.S.C. § 1292(b) permitting her to seek an interlocutory appeal and for an extension. Because this court finds itself unable to certify that there is substantial ground for a difference of opinion as to each and all of the questions that would be presented in an appeal and because an extension would be futile, the motions are **DENIED** but without prejudice to Savage's right to take a direct appeal from the final judgment entered by separate order with a finding pursuant to Federal Rule of Civil Procedure 54(b).

DONE this 15th day of May, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE