**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**DOCKET NO.: 15-12704**

---

**KAREN SAVAGE,**

**PLAINTIFF-APPELLANT,**

**V.**

**SECURE FIRST CREDIT UNION ,**

**DEFENDANT-APPELLEE.**

---

# APPELLANT'S REPLY BRIEF

---

Cynthia Forman Wilkinson
**WILKINSON LAW FIRM, P.C.**
215 North Richard Arrington, Jr. Blvd.
Suite 200
Birmingham, Alabama 35203

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

TABLE OF RECORD REFERENCE .......... iii

I. ARGUMENT .......... 1

A. SECURE FIRST'S ARGUMENT THAT THE BUT-FOR STANDARD OF CAUSATION REQUIRES SOLE CAUSATION IS UNSUPPORTED BY THE MAJORITY OF AUTHORITY, BEFORE AND AFTER GROSS AND NASSAR .......... 1

B. SAVAGE'S CLAIMS ARE NOT MUTUALLY-EXCLUSIVE AND FED.R.CIV.P. 8(D) ALLOWS FOR ALTERNATIVE PLEADING .......... 8

II. CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE .......... 11

CERTIFICATE OF SERVICE .......... 11

# TABLE OF AUTHORITIES

**CASES**

*Burrage v. United States*, 517 U.S. ___, 134 S.Ct. 881 (2014). . . . . . . . . . . . 6,7,10

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999). . . . . . . . . . . . . . 8,9

*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) . . . . . . . . . . . . . . . . . . . . 1, 2,3,4,5,6,10

*Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) . . . . . . . . . . . . . . . . . . . . . 5,6

*Jones v. Oklahoma City Pub. Schs.*, 617 F.3d 1273 (10th Cir. 2010) . . . . . . . 1

*Kentucky Retirement Systems v. EEOC*, 554 U.S. 135 (2008) . . . . . . . . . . . . 5

*Kwan v. Andalex Grp., LLC*, 737 F.3d 834 (2d Cir. 2013). . . . . . . . . . . . . . . 1

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 1

*Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012). . . . . . . . 1

*Lewis v. YMCA*, 208 F.3d 1301 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 2

*McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273 (1976). . . . . . . . . . . 1,2

*McNely v. Ocala Star-Banner Corp.*, 999 F.ed 1068 (1996) . . . . . . . . . . . . . 2,3

*Monroe v. Standard Oil Co.*, 452 U.S. 549 (1981). . . . . . . . . . . . . . . . . . . . 3,4

*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). . . . . . . . . . . . . . . . . . . . 2

*Robinson v. City of Phil.*, 491 F.App'x 295 (3rd Cir. 2012). . . . . . . . . . . . . . . 1

*Thomas v. Kamtek*, 2015 WL 6503672 (N.D. Ala. 2015) . . . . . . . . . . . . . . . . 8,9

*Univ. of Texas Swtrn Med. Cent. v. Nassar*, 133 S.Ct. 2517 (2013) . . . . . . . 1, 2,3,4,5,6,10

*Volkman v. U.S.*, 135 S.Ct. 13 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES AND RULES**

ADA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,6, 8

ADEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3 ,6,8

POWADA (Proposed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

Title VII of the Civil Rights Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3,6,8

USERRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed.R.Civ.P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

FRAP 32(a)(7)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF RECORD REFERENCES**

**DOCKET NO.** **PAGE NO.**

Appellee's Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3, 4,5,8,9

Appellant's Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

# I. ARGUMENT

## A. SECURE FIRST'S ARGUMENT THAT THE BUT-FOR STANDARD OF CAUSATION REQUIRES SOLE CAUSATION IS UNSUPPORTED BY THE MAJORITY OF AUTHORITY, BEFORE AND AFTER GROSS AND NASSAR

The opinion of the District Court that "but-for" causation requires "sole causation" is, without question, a minority view and interpretation of the holdings in *Nassar* and *Gross*. As the EEOC pointed out in its *amicus curiae* brief at pages 15 and 16, the third, fifth, sixth and tenth circuits have all rejected the requirement that a plaintiff must establish, and therefore plead, sole causation under the ADEA, Title VII's anti-retaliation provision or the ADA. (*Citing Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013); *Kwan v. Andalex Grp., LLC* 737 F.3d 834, 846 (2d Cir. 2013); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012); *Jones v. Oklahoma City Pub. Schs.*, 617 F.3d 1273 (10th Cir. 2010); *Robinson v. City of Phila.*, 491 F. App'x 295, 299 (3rd Cir. July 13, 2012)). Notwithstanding, Secure First seeks to legitimize the unique position taken by district court in this case in its own self interest.

Savage began the historical context for "but for" construction with *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, a 1976 Supreme Court case which clearly defined "but for" causation as being distinct from sole causation. (Appellant's Br. at 4-5, citing *McDonald* at 283).

Secure First addresses *McDonald* only in a footnote at page 18 of its brief, stating that *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989) displaced the distinction between "but-for" and "sole" causation made by *McDonald* when it "held that Congress intended for Title VII discrimination claims to carry a 'motivating factor' burden in which 'but-for' does not apply." (Appellee's brief, p. 18, n. 4). This approach misses the point for two reasons. First, *McDonald* provides the Supreme Court definition of "but-for," the term later used in *Nassar* and *Gross,* and provides its own understanding and use of the term. Furthermore, *Price Waterhouse* itself distinguished between a "because of" standard and a "sole cause standard." While Supreme First instead argues *Price Waterhouse* confirmed the "but-for" standard meant "solely," this is inaccurate. Instead, *Price Waterhouse* adopted a "mixed-motives" concept, which was not later rejected by *Nassar* and *Gross*.

After *Price Waterhouse*, this Court decided *McNely v. Ocala Star-Banner Corp.*, 999 F.3d 1068 (1996), holding "solely" and "because of" were distinguishable standards in the ADA. (Appellant's Br. at 6). This undermines Secure First's position that *Price Waterhouse* adopted a "sole" causation." Secure First argues *McNely* has been abrogated by *Gross* and *Nassar*. (Appellee's Br. at 19). As well, this Court decided *Lewis v. YMCA,* 208 F.3d 1303 (11th Cir. 2000), adopting the *Price Waterhouse* mixed-motive standard for ADEA cases, which was later upheld

by *Gross*.

In *Nassar* and *Gross*, the Supreme Court held in mixed-motive cases arising under the ADEA and Title VII retaliation, the plaintiff is not entitled to the shifting of the burden of persuasion to the defendant. It did not hold that "but for" means "solely," or preclude mixed-motive possibilities under statutes which use the "because of" language. In fact, the holding in *Gross* suggests just the opposite. In *Gross*, in footnote 4, the Court unequivocally held that it was not creating a new, heightened evidentiary requirement for ADEA plaintiffs to satisfy their burden of persuasion that age was the "but for cause of their employer's adverse action, see 29 U.S.C. § 623 (a), and we will imply none." *Gross*, 557 U.S. at 178, n. 4. *McNely* was not abrogated by these cases, as suggested by Secure First, but rather the distinction between "but-for" and "sole" causation remains.

Secure First cites *Monroe v. Standard Oil Co.*, 452 U.S. 549, 557-60, 101 S. Ct. 2510, 2516 a Supreme Court decision published in 1981. (Appellee Br., at 9). Secure First argues the Court "clearly interpreted the 'but for' standard as 'solely' and Congress reacted by explicitly changing the causation language to the broad 'motivating factor' standard." (Appellee Br. at 10, quoting *Monroe*). However, if *Monroe* was dispositive of the definition of these standards, it surely would have been cited or relied upon by the Supreme Court in recent decisions, but instead has not

been mentioned by the Court in any of the progeny relating to *Gross* and *Nassar*.

Secure First argues that Congress's response to the *Monroe* decision, passing USERRA to lessen the causation requirement, is instructive since Congress has not changed the law in response to *Gross* and *Nassar*. (Appellee Br. at 10). This logic is again flawed because it assumes *Gross* and *Nassar* require sole causation, which would in turn require Congress to change the law to lessen the standard. Instead, Congress has made no legislative change to *Gross* and *Nassar* because none is necessary. Indeed, in the majority of the courts, there is no confusion as to the distinction between "but-for" and "sole" causation. This appeal arises from the unique interpretation of the district court in this particular case, whereas the *Monroe* decision was a Supreme Court decision to which Congress responded accordingly. Secure First's *Monroe*/USERRA analysis simply does not fit in the context of this case.

Similarly, Appellee argues POWADA, proposed legislation currently pending before the Committee on Health, Education, Labor and Pensions, which has not been passed by Congress:

> demonstrates Congress's recognition that the causation language of the ADEA, the ADA and Title VII's retaliation provision requires a plaintiff to show that the protected characteristic or activity is the sole cause of the employment practice. If these statutes as currently drafted did not require a plaintiff to demonstrate that the protected characteristic was the sole cause of an employment practice, then Congress would have no

> need to respond to the sole cause test applied in *Gross* and *Nassar*, and POWADA would be entirely superfluous."

Appellee's Br. at 13.

This argument makes a giant leap to a broad conclusion without authority. For example, POWADA's purpose, as outlined in Appellee's brief is to "clarify congressional intent," not make substantive changes to the law. The fact that Congress has failed to enact legislation to further clarify what is already the case, that is "but for" causation does not require "sole causation," cannot be read to imply that Congress intends for "sole causation" to be the standard. Again, it is likely Congress views POWADA is simply unnecessary in light of the current statutes and majority view in the case law. Drawing an inference as to why the legislation has not been passed by Congress is simply not a legitimate argument in this appeal.

Instead of grasping at straws from esoteric case law and legislation which has not even been voted on by Congress, this Court should look to cases actually cited by the Supreme Court in reaching its decisions in *Nassar* and *Gross*. Both cases quote *Kentucy Retirement Systems v. EEOC*, 554 U.S. 135 (2008) as an example of the proper application of "but for" causation. *Kentucky Retirement Systems* reveals reliance on *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) for the proposition that age or another protected characteristic must have had "a determinative influence

on the outcome" of the challenged decision.[1] *Gross*, 557 U.S. at 176, 129 S.Ct. at 2350; *Nassar*, 133 S.Ct. at 2525. There is simply no reference to "sole causation" in any of these cases.

After the opinions of *Gross* and *Nassar*, the Supreme Court's holding in *Burrage v. United States*, 571 U.S. ___, 134 S.Ct. 881 (2014) supports this reading. Secure First argues the opposite analysis of *Burrage* consistent with the district court's opinion: *Burrage* affirms the holdings in both cases and specifically applies the 'but for' test as requiring proof of sole causation." (Appellant Br. at 15). This interpretation of *Burrage* is simply erroneous.

As outlined extensively in pages eight through twelve of Savage's brief, *Burrage* revisited the opinions of *Gross* and *Nassar* regarding standards of causation. *Burrage* specifically allows for the combination of a predicate act and other factors, so long as the other factors alone would not have produced the result. *Id.* at 288. Secure First argues the Court used examples which identified only one "but-for" cause and therefore there must be a "sole cause" of discrimination under the ADA, ADEA and Title VII's retaliation provisions. This argument overreaches again and begs the question: If Congress and/or the Supreme Court intended "sole" causation

[1]Although these cases were cited in Savage's principal brief, Secure First does not address *Hazen Paper* in its brief, despite the fact the case was decided post-1991 amendments and was cited by *Gross* and *Nassar*.

to be the standard under these statutes, would not Congress and the Court have simply used the word "sole" instead of but-for? Simply put, the fact that "but-for "causation is required rather than "sole" causation illustrates a distinction between the two. This makes sense based on the historical context of mixed motive employment cases, as discussed above, as well as the cases which have come thereafter.

Other opinions support the same interpretation of "but-for." In *Volkman v. United States*, ___ U.S. ____, 135 S.Ct. 13 (2014), the Supreme Court granted certiorari, vacated and remanded a case for further consideration in light of *Burrage*. Concurring in that decision, Justice Alito, with justice Thomas concurring, said the following:

> *Burrage* holds that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death," conviction is improper "unless such use is a but-for cause of the death or injury." *Id.* At __, 134 S.Ct., at 892. But-for causation exists where the controlled substance "combines with other factors to produce" death, so longa s death would not have occurred "without the incremental effect" of the controlled substance.

*Volkman*, 135 S.Ct. at 13.

The Supreme Court has consistently made clear that for an action to be the "but for" cause of a later event, it need not be the final or the sole action so long as the action is the "straw that broke the camel's back." *Burrage*, 571 U.S. at __, 134 S.Ct.

at 888. The district court went beyond authority and conventional interpretations of other circuits to require a heightened standard of causation under the ADEA, ADA and Title VII retaliation cases.

### B. SAVAGE'S CLAIMS ARE NOT MUTUALLY-EXCLUSIVE AND FED.R.CIV.P. 8 ALLOWS FOR ALTERNATIVE PLEADING

Secure First acknowledges Rule 8(3)(2) allows that a "party may set out 2 of more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." (Appellee's Br. at 27). However, Secure First argues that multiple "but-for" claims are not plausible on their face, citing *Thomas v. Kamtek*, 2015 WL 6503672, at *6 (N.D. Ala. Oct. 28, 2015)(Acker, J.).

*Katek* cited *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999), which Secure First argues is "an analogous situation in which the Supreme Court rejected using Rule 8 alternative pleading to allow inconsistent facts to state a claim for Social Security Benefits and a claim for discrimination in violation of the ADA." (Appellee Br. at 29) . However, *Cleveland* does not stand for this proposition and is not analogous to the present case. Instead, *Cleveland*'s holding provided a plaintiff making a claim under the ADA a vehicle to explain an apparent inconsistent statement in her Social Security statement Disability application with her claims in

her case. The *Cleveland* court held:

> When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in , the earlier statement, the plaintiff could nonetheless "perform the essential functions of her job, with or without 'reasonable accommodation." Cleveland, 807.

Further, *Cleveland* was a case in which summary judgment was granted by the lower court, and was subsequently reversed. The language quoted by *Kamtek* and Secure First related to a summary judgment inquiry, rather than a pleading requirement and it is therefore inapplicable to the analysis under Fed.R.Civ.P. 8.

Secure First's assertion that judicial economy is served by dismissing Savage's claims, prior to discovery, is an unjust result unsupported by binding authority. Although *Kamtek* rationed that allowing the claims to proceed "would unlock the doors of discovery on these claims armed with nothing more than irreconcilable conclusions," it failed to consider the necessity of discovery for plaintiffs, and Savage specifically, to evaluate their claims once evidence is considered. (Appellee's Br. at 30-31, citing *Kamtek*.)

In so many instances, documentation and testimony gained through the course of discovery changes the direction of a case, not through fault of a plaintiff for

misstating her case initially, but through recognition of legal requirements in order to proceed to trial. Surely this is the point of discovery itself, as plaintiffs often voluntarily dismiss claims prior to summary judgment or concede summary judgment on certain claims in response to evaluation of the evidence. To require plaintiffs to plead only one claim which requires "but-for" causation undermines Rule 8's fundamental purpose to allow for alternative pleadings at the initial stage of a case. The effect would allow a defendant, in response to a plaintiff's claim that one characteristic, such as age, was the "but-for" reason for an adverse action, to actually admit illegal conduct in its defense by admitting that instead of age, it was in fact the person's disability or protected expression which led to the adverse action. This result is simply unwarranted and is in no way representative of the goals of anti-discrimination statutes. Not surprisingly, there is no indication in *Gross*, *Nassar* or *Burrage* which suggests alternative pleadings are disallowed.

## II. CONCLUSION

This Court should adopt a majority view of the meaning of "but-for" causation pursuant to Gross and Nassar, and reverse the district court's dismissal of Savage's claims.

Respectfully submitted this the **11th** day of **October 2015**.

/s/ Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar ID No.: ASB-9950-L68C
Attorney for Appellant

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
215 North Richard Arrington Jr. Blvd.
Suite 200
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limit set forth in FRAP 32(a)(7)(c). This brief contains 2,867 words.

## CERTIFICATE OF SERVICE

I hereby certify that on **December 11, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Susan W. Bullock, Esq.
Patricia G. Griffith
Ford Harrison LLP
2100 Sourthbridge Parkway
Suite 650
Birmingham, AL 35209

I hereby certify that I have mailed via United States Postal Service the foregoing document to the following non-CM/ECF participants: None

/s/ Cynthia Forman Wilkinson
OF COUNSEL